Filed 9/25/24  In re A.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sierra)

----

| | |
|---|---|
| In re A.W., a Person Coming Under the Juvenile Court Law. | C099929 |
| SIERRA COUNTY DEPARTMENT OF SOCIAL SERVICES, | (Super. Ct. No. 22JV0006) |
| Plaintiff and Respondent, | |
| v. | |
| A.W. et al., | |
| Defendants and Appellants. | |

Appellants A.W. (mother) and S.K. (presumed father),[1] parents of the minor, appeal from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[2]  Appellants contend the initial

---

[1] The juvenile court declared appellant S.K. to be the minor's presumed father.  The minor's alleged biological father, J.P., did not make an appearance in these proceedings.

[2] Undesignated statutory references are to the Welfare and Institutions Code.

inquiry under the Indian Child Welfare Act (ICWA) by the Sierra County Department of Social Services (Department) was insufficient because the Department failed to contact available relatives to inquire whether they knew of possible Native American ancestry. (25 U.S.C. § 1901 et seq.; § 224.2.) We will conditionally reverse subject to full compliance with the ICWA and related California law on remand, as described in this opinion.

## BACKGROUND

On September 29, 2022, a special weapons and tactics (SWAT) team executed a search warrant to take mother into custody as a wanted fugitive. The SWAT team made 30 announcements to get mother to surrender but she refused. Instead, mother barricaded herself in the residence with the then one-year-old minor. After one hour of negotiations, during which the SWAT team deployed a flashbang, mother walked out of the residence with the minor and surrendered. Methamphetamine, heroin, and other drug paraphernalia were found in mother's room. Law enforcement removed the minor and her siblings and placed them in the care of the Department.

On October 3, 2022, the Department filed a dependency petition alleging that the minor came within the provisions of section 300, subdivisions (b)(1) and (c).[3] Attached to the petition was an Indian child inquiry form (ICWA-010) indicating that the Department asked mother about Native American ancestry and was given no reason to believe the child is or may be an Indian child.

The Department filed a detention report stating only that "[t]he Indian Child Welfare Act does not apply." Every subsequent report filed by the Department in this

---

[3] One week later, the Department filed an amended petition to also allege that, under section 300, subdivision (g), mother was incarcerated and unable to care for the minor. The Department subsequently filed a second amended petition, which dropped the allegations under section 300, subdivision (c).

matter—the jurisdiction report, the disposition report, the interim review report, the status report, and the section 366.26 report—states that the ICWA does not apply. While the disposition report indicates that mother has a brother, no report details the Department's inquiry into the minor's potential Native American ancestry.

The written findings entered after the October 4, 2022 detention hearing indicate the juvenile court asked each participant at the hearing, on the record, about potential Native American ancestry. But the transcript of the hearing reflects no such inquiry; mother was not present at the hearing though presumed father was. The court concluded at the hearing that the "ICWA does not apply at this time."

On October 17, 2022, appointed counsel for the minor filed a restraining order against the minor's maternal grandmother after an interaction between the maternal grandmother and the minor at the placement home. Multiple hearings were held at which the maternal grandmother, the social worker, and counsel for the Department all appeared. The maternal grandmother ultimately entered into a stipulation with the Department to resolve the restraining order component of the matter.

The dispositional hearing was held on January 20, 2023. The written findings following the dispositional hearing indicate that: (1) the juvenile court found the social worker asked the parents about Native American ancestry; (2) the juvenile court asked the parents on the record about potential Native American ancestry; and (3) the juvenile court concluded there was no reason to know that the minor was an Indian child. But again, the transcript of the dispositional hearing does not disclose any such inquiry. The maternal grandmother was present at the dispositional hearing, but no inquiry was made of her.

At the interim review hearing on May 9, 2023, the juvenile court directed presumed father to file a parental notification of Indian status form (ICWA-020). Both presumed father and the paternal grandmother submitted an ICWA-020 indicating that they had no Native American ancestry. At the six-month status review hearing, the

3

paternal grandmother testified that she had no knowledge of Native American ancestry in the family. The juvenile court made no further finding regarding the applicability of the ICWA.

At the section 366.26 hearing, the juvenile court terminated parental rights. Presumed father and mother timely appealed. After the Department filed its opposition brief responding to mother's claims, a supplemental clerk's transcript was filed with this court. The transcript includes an ICWA-020 filed with the juvenile court on July 9, 2024, indicating that mother has no Native American ancestry.

DISCUSSION

Appellants contend that the juvenile court erred in finding that the ICWA did not apply because the Department failed to discharge its duty of initial inquiry of extended family members. We agree.

The ICWA defines an "Indian child" as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) "Under ICWA's state analogue, the California Indian Child Welfare Act (Cal-ICWA [citation]), courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125 (*Dezi C.*).) "First, from the [Department]'s initial contact with a minor and his [or her] family, [section 224.2] imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the [Department] 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id.*, subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the

4

child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (§ 224.2, subd. (i)(2); *H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 961; *Dezi C.*, *supra*, 16 Cal.5th at p. 1134.) "[T]he juvenile court's fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*Dezi C.*, at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)

The parties agree, as do we, that section 224.2, subdivision (b) applies and governs the scope of the Department's initial inquiry under ICWA in this case. That provision states: "If a child is placed into the temporary custody of a county welfare department pursuant to Section 306 or county probation department pursuant to Section 307, the county welfare department or county probation department has a duty to inquire whether that child is an Indian child. Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, *extended family members*, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b), italics added.)

As a threshold matter, the Department argues that presumed father cannot claim the Department's inquiry of paternal extended family members was insufficient because ICWA does not apply to nonbiological relationships and there is no finding that

5

presumed father is the minor's biological father.  Presumed father does not respond to this argument.  It is true that status as a presumed father by itself does not trigger ICWA's notice requirements.  (See 25 U.S.C. § 1903(9) [defining "parent" as "any biological parent or parents of an Indian child or any Indian person who has lawfully adopted an Indian child, including adoptions under tribal law or custom"]; *In re C.A.* (2018) 24 Cal.App.5th 511, 519-521 [ICWA notice not required for a presumed father who was not biological or adoptive father]; *In re E.G.* (2009) 170 Cal.App.4th 1530, 1533 ["Until biological paternity is established, an alleged father's claims of Indian heritage do not trigger any ICWA notice requirement because, absent a biological connection, the child cannot claim Indian heritage through the alleged father"].)  But this point has little bearing on this case, as appellants principally argue that the Department failed to conduct a sufficient ICWA inquiry as to the minor's *maternal* extended family members.

Turning to the merits of appellants' claim, the record does not disclose that the Department inquired with relatives other than the parents and paternal grandmother—even though the maternal grandmother participated in the proceedings.  Therefore, the Department either did not take sufficient affirmative steps to inquire of reasonably available relatives or did not document its efforts to do so.  The Department does not dispute that its initial inquiry did not include all extended family members.  Rather, the Department contends that because the initial inquiry of mother resulted in no reason to believe the minor had Native American ancestry, no further inquiry was required.  This argument is unavailing.  As our Supreme Court recently explained, an initial inquiry may not be inadequate "in all cases in which every possible extended family member has not been asked about the child's Indian ancestry."  (*Dezi C.*, *supra*, 16 Cal.5th at p. 1140.)  But " '[t]he operative concept is those people who are reasonably available to help the agency with its investigation into whether the child has any potential Indian ancestry should be asked.' "  (*Ibid*.)  That did not occur here.  Thus, on this record, we conclude

that the juvenile court's implied finding that the Department's inquiry was proper, adequate, and duly diligent is unsupported by substantial evidence.

The Department contends that, even if its initial inquiry was inadequate, any error was harmless because there is no reason to believe the minor has Native American ancestry. But as our Supreme Court recently explained, "[w]hen a Cal-ICWA inquiry is inadequate, it is impossible to ascertain whether the agency's error is prejudicial" because until " 'an agency conducts a proper initial inquiry and makes that information known, it is impossible to know what the inquiry might reveal.' " (*Dezi C.*, *supra*, 16 Cal.5th at p. 1136.) As such, "an inadequate initial Cal-ICWA inquiry requires conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with [California Rules of Court, ]rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*Ibid.*) "Upon a conditional reversal, the Department will make additional inquiry and documentation efforts consistent with its duties and the court shall hold a hearing thereafter to determine whether, in light of the outcome of the inquiry as documented, ICWA applies. If the juvenile court determines the inquiry is proper, adequate, and duly diligent and concludes that ICWA does not apply, any inquiry error is cured, and the judgment would be reinstated. [Citation.] In contrast, if the inquiry reveals a reason to know the dependent child is an Indian child, the tribe has been notified [citations], and the tribe determines the child is a member or citizen, or eligible for membership or citizenship, of an Indian tribe [citations], ICWA applies, and the judgment must be reversed." (*Id.* at pp. 1137-1138.) Accordingly, we conditionally reverse and remand the case to the juvenile court for further proceedings.[4]

---

[4] Appellants separately take issue with the fact that the juvenile court never asked certain participants, including mother, about potential Native American ancestry—even though the court's written findings and minute orders repeatedly indicate that the court had

7

DISPOSITION

The orders terminating parental rights are conditionally reversed and the matter is remanded for the limited purpose of complying with the inquiry and notice provisions of the ICWA, as well as the requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5).  If the juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and concludes the ICWA does not apply, the orders shall be reinstated.  If, however, the juvenile court concludes the ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA and California implementing provisions.


          /s/

          BOULWARE EURIE, J.


We concur:


   /s/

KRAUSE, Acting P. J.


   /s/

FEINBERG, J.

---

conducted such an inquiry on the record.  Given our remand of the matter for further inquiry pursuant to ICWA, we need not resolve this conflict in the record or address this aspect of appellants' claim.